(161 App. Div. 292)

## CITY OF NEW YORK v. LINCH.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. STREET RAILROADS (§ 57*)—REPAVING STREETS—LIABILITY.

Under Railroad Law (Consol. Laws, c. 49) § 178, providing that every street surface railroad company, while it uses any of its tracks in any street, shall keep in repair that portion of the street between its tracks, the rails, and two feet in width outside of the tracks, whenever required by the authorities so to do, and that on neglect to make repairs, after 30 days' notice to do so, the local authorities may make them at the corporation's expense, the liability arises from the conjunction of use, disrepair, and service of notice, and the roads which are in fact or as matter of law using the street when repairs become necessary and notice to repair is given are liable, without regard to the length of the prior use or their equities as between each other; and hence the receiver of such corporation may be held liable at law, and it is not necessary to proceed by petition in order that the equities between him and the railroad company, as determined by their respective periods of use, can be determined.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 136–143; Dec. Dig. § 57.*]

2. STREET RAILROADS (§ 58*)—REPAVING STREETS—LIABILITY.

Under Railroad Law (Consol. Laws, c. 49) § 178, where, though a street railroad company, down to the time of its receivership, asserted ownership of, or rights over, certain tracks, the receiver never took possession thereof, used them, exercised any control thereover, leased the right to use them to others, or received any rental for their use, he could not be held liable for the expense of repaving.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135; Dec. Dig. § 58.*]

3. STREET RAILROADS (§ 38*)—REPAVING STREETS—LIABILITY.

Under Railroad Law (Consol. Laws, c. 49) § 178, the city may require the repaving of the portion of the street for which the company is responsible with any kind of material necessary to make the new paving conform to the paving of the remainder of the street.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 99–111; Dec. Dig. § 38.*]

Appeal from Trial Term, New York County.

Action by the City of New York against George W. Linch as receiver. From a judgment after a trial by the court without a jury, defendant appeals. Modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Julien T. Davies, of New York City, for appellant.

Terence Farley, of New York City, for respondent.

HOTCHKISS, J. Plaintiff seeks to recover the cost of certain repaving adjacent to tracks of the Second Avenue Railroad Company. The action is brought under former section 98 (now section 178) of the General Railroad Law, which reads as follows:

"Every street surface railroad corporation so long as it shall continue to use any of its tracks in any street, avenue or public place in any city or village, shall have and keep in permanent repair that portion of said street, * * * between its tracks, the rails of its tracks and two feet in width out-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

side of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe. In case of the neglect of any corporation to make payments or repairs after the expiration of thirty days' notice to do so, the local authorities may make the same at the expense of such corporation."

[1] The defendant, who was appointed by this court in an action to foreclose a mortgage covering the property and franchises of the railroad company, and who has operated the road in pursuance of such appointment, objects to any recovery on grounds going to the right of the city to maintain any action against him on account of the matters in controversy, and also objects to specific items on which recovery has been had because of insufficiency of proof. The objection to any recovery rests principally upon the form of the action—the defendant claiming that he is not liable in an action at law, but that the proper procedure is by way of petition, in which proceeding the equities between him and the railroad company, as determined by their respective periods of "use" of the tracks, can be determined; that to permit the present action to be maintained "is virtually to compel the receiver to pay compensation for the use of the streets by the railroad company prior to his appointment as receiver."

I think this argument is based on an erroneous construction of the statute. True, liability arises because of "use" of the tracks; but it may be enforced only after notice and failure to repair. Although a company which has leased its road may continue to be liable on the theory of a "beneficial use" (see Special Term opinion, Bischoff, J., City of New York v. Central Park, N. & E. R. R. R. Co., 149 App. Div. 944, 134 N. Y. Supp. 1128, affirmed 208 N. Y. 548, 101 N. E. 1097), the lessee is similarly liable if the tracks are in use by it (Id.; Penn. Steel Co. v. N. Y. City Ry. Co. [C. C.] 191 Fed. 216). But if the lease has expired when the occasion for serving the notice arrives, and the lessee is not then in possession or use of the tracks, no valid notice to repair could be given to it, and the lessor in such case would be solely liable. If the statute is to have a practical construction, it must be that liability arises from the conjunction of use, disrepair, and service of notice, and that the length of the prior use is immaterial. The road or roads which are, in fact or as matter of law, found to be using the road when repairs become necessary and notice to repair is given, are liable without regard for any so-called equities between each other. So construed, the statute creates, what it was clearly intended to create, a liability at law, which in the case of this receiver can be determined in this action as well as in any other form of proceeding. If any question should hereafter arise in the foreclosure action as to the rank to be given to the judgment in the adjustment of claims, it can then be disposed of.

The specific items to which defendant objects are numbered 2, 5, 6, 16, and 18. As to items 2, 5, and 6, it is claimed that there was no proof of use by the receiver, and that the proof of service of notice to repair was deficient.

[2] Items 2 and 5 affect First avenue from Fourteenth to Twenty-Third street, and the facts are as follows:

The franchises of the railroad as originally acquired in 1852 included

the right to operate a single track on First avenue between the above streets. The railroad company constructed and operated a single track in the center of the avenue until some time in 1872, when it entered into an agreement with the Dry Dock, East Broadway & Battery Railroad Company, which had a franchise for a double-track road on First avenue, by which it was provided that the Dry Dock Company might remove the tracks of the Second Avenue Company from the center of First avenue to a position in a line with the proposed westerly track of the Dry Dock Company, and that such track should thereafter be used jointly between the two companies; the Dry Dock Company agreeing to pay $500 per year for such use on its part, and the Second Avenue Company agreeing to keep the tracks in repair. It was also agreed that, whenever the Second Avenue Company should be authorized to operate a double-track road through the part of the avenue in question, it might use the two lines of track without cost, and thereupon the Dry Dock Company's annual trackage payments should cease.

The receiver testified that he had never operated any cars over this stretch of track, had never leased to others the right so to do, had never received any rent for its use, and had never exercised any control whatever over it, but that the Dry Dock Company operated its cars over the line. It was conceded that the Second Avenue Company had itself continued to assert ownership of or rights over the several tracks.

Under these circumstances, I do not think the receiver is liable. Assuming that there may have been some form of "beneficial use" remaining to the Second Avenue Company in the stretch of track in question (see cases above cited), the fact that the receiver has never in any sense used the tracks or assumed dominion over them clearly relieves him from any obligation under the statute.

Item 6. This affects an area on Allen street at the intersection of Rivington. The Second Avenue Company originally had a franchise for a single track at this point, which track it constructed and for a time operated and continued to claim ownership of, down to the time of the receivership; but the receiver never assumed possession of or used the tracks in any way, and hence cannot be held liable. If recovery is denied on the above items for failure of proof of use, it is unnecessary to determine the sufficiency of the notice served.

[3] Items 16 and 18. The controversy with respect to these items brings up a question of performance. The testimony was conflicting, and, as there was sufficient evidence to sustain the findings of the trial court, they should not be disturbed. A further objection is raised as to these items with respect to the right of the city to compel defendant to repave with a particular kind of pavement; but in City of N. Y. v. N. Y. City Ry. Co., 132 App. Div. 156, 116 N. Y. Supp. 939, it was held that the city might require a street to be repaved with any kind of material necessary to make the new paving conform to the paving in the remainder of the street.

For the reasons above given, the judgment should be modified, by reversing so much thereof as includes items 2, 5, and 6, and, as so modified, affirmed. Appropriate findings for the judgment to be entered hereon may be submitted on settlement of the order. All concur.